ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

JUAN DEMETRE ROANE, )
)
    Plaintiff, )
)
v. ) CV 106-207
)
RICHMOND COUNTY SHERIFF'S )
OFFICE, et al., )
)
    Defendants. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at the Charles B. Webster Detention Center in Augusta, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff is proceeding IFP, his complaint must be screened to protect potential defendants. See Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e) & 1915A.[1]

---

[1] Under 28 U.S.C. § 1915(b)(4), a prisoner cannot be prohibited from bringing a civil action because he has no means by which to pay an initial fee; thus, the Court will proceed to screen Plaintiff's complaint even though he is unable to pay any initial filing fee. However, in accordance with the terms of the Consent to Collection of Fees form which Plaintiff signed, he remains liable for the full $350.00 filing fee.

## I. BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names as Defendants: (1) the Richmond County Sheriff's Office; (2) The Honorable Carl C. Brown, Jr., Superior Court Judge; (3) District Attorney Daniel J. Craig; and (8) Attorney Pete Theodocion. (Doc. no. 1, pp. 1, 5).

In his complaint, Plaintiff argues that Defendants are involved in an ongoing conspiracy to violate his constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments. (Id. at 7). These alleged violations stem from a variety of charges filed against Plaintiff on November 7, 2000,[2] which included first degree homicide by vehicle, two counts of serious injury by vehicle, and driving under the influence. (Id. at 7-8).

Plaintiff states that on February 27, 2001, his attorney received discovery responses from the State regarding the charges pending against him. (Id. at 8). Plaintiff states that six (6) days after receiving the discovery responses, on March 6, 2001, his attorney presented Plaintiff with a plea agreement which, presumably, he accepted. (Id.). Regardless, Plaintiff alleges that he was knocked unconscious and remembers nothing regarding the incident which led to his conviction. (Id. at 9).

Plaintiff claims that he requested to see the discovery responses produced by the State but was forced to "wait[] in prison for six (6) years," until December 20, 2006, until his request was granted. (Id. at 9-10). The documents which Plaintiff allegedly obtained as a

---

[2]Plaintiff's complaint states that he was charged on November 7, 2001; however, based upon the dates for the subsequent events set forth by Plaintiff, it appears that Plaintiff mistakenly listed the wrong year with regard to date charges were filed. Presumably, he was charged in the year 2000.

result of his request consisted of a sentencing sheet, an indictment, a list of the Grand Jurors, and a list of all charges filed against him. (Id. at 8-9).

Plaintiff concludes that because there were no scientific reports, intoxication tests, or blood alcohol results contained within the documents he received, the charges against him should never have been filed. (Id. at 10). Plaintiff also alleges that his attorney, Defendant Pete Theodocion, should have addressed this issue or filed a motion to suppress the actual scientific report of his blood alcohol level at the time of the incident. (Id. at 11). Plaintiff further states that Defendant Judge Brown and the District Attorney assigned to his criminal action had a duty to assure that proper motions challenging the State's evidence were filed. (Id. at 11-12). Because proper motions challenging this evidence were not filed, Plaintiff concludes these officers of the court entered into a conspiracy against him. (Id. at 12). Plaintiff requests that this Court hold a hearing to address these issues and requests that this Court appoint him counsel. (Id. at 13, 14).

## II. DISCUSSION

A.  **Relief Sought is not Properly Brought in § 1983 Action**

As evidenced by the fact that Plaintiff seeks a hearing to raise motions that allegedly should have been raised in pre-trial proceedings in his criminal case-and, consequently, is seeking to be released from custody-Plaintiff is challenging the legality of his criminal conviction in an action brought pursuant to § 1983, which is improper, and is seeking relief that can only be obtained in a habeas corpus action. A writ of habeas corpus is the only remedy available for state prisoners attacking the validity of their conviction or the length of their confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); see also Nelson v.

3

Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983).

Also, "[b]efore a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (explaining that the exhaustion doctrine, first announced in Ex parte Royall, 117 U.S. 241 (1886), is now codified at 28 U.S.C. § 2254(b)(1)). Thus, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus, Plaintiff has not alleged exhaustion of state court remedies, and his petition would be subject to dismissal.

**B.     The Richmond County Sheriff's Office**

In the caption of his complaint, Plaintiff lists the Richmond County Sheriff's Office as a Defendant. However, Plaintiff must sue the individuals personally involved in the wrongs he alleges, or set forth facts which demonstrate that the execution of the municipality's policy or custom inflicted the injury complained of. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1307 (11th Cir. 2001). Plaintiff has not identified any county policy or custom which led to a violation of his constitutional rights. Even so, as explained above, Plaintiff seeks relief that can only be obtained through a habeas corpus action and is not properly sought in a § 1983 action. As such, to order Plaintiff to amend his complaint to correct this deficiency would be futile. See Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-63 (11th Cir. 2004) (explaining that leave to amend should be freely given, but is properly denied when any amendment would be futile).

4

C.  **Judge and Attorneys**

Further, even if the Court were to consider Plaintiff's claims, Judge Brown would be entitled to absolute immunity. It is well-settled that judicial officers are entitled to absolute immunity from suit for actions taken that are within their jurisdictional power to perform. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1979) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction'" (footnote omitted)). Thus, the Court must determine whether Judge Brown was dealing with Plaintiff in a judicial capacity and whether the Judge's conduct clearly fell outside his subject matter jurisdiction. See id. at 359-64. Here, Plaintiff alleges that Judge Brown violated his constitutional rights by failing to ensure that appropriate pre-trial motions were filed on Plaintiff's behalf. A judge may not instruct counsel as to which motions should be filed and, because Plaintiff has not identified any acts performed by Judge Brown which are not within a judge's judicial authority, this Defendant would be entitled to absolute immunity.

Likewise, Defendant Craig is entitled to immunity. "A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government." Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004). "The prosecutorial function includes the initiation and pursuit of criminal prosecution." Id. The allegations against Defendant Craig, the District Attorney, only pertain to his traditional duties as counsel for the State in Plaintiff's criminal case, and therefore, he would be entitled to absolute immunity. Accordingly, Plaintiff's claims against Defendant Craig would be subject to dismissal.

5

Additionally, Defendant Theodocion would be subject to dismissal from the case. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law.*" West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added). Public defenders who have been appointed to represent criminal defendants do not act "under color of state law" when performing their duties. See Polk County, 454 U.S. 312, 317 n.4 (1981) (holding that public defenders do not act under color of state law "when performing the traditional functions of counsel to a criminal defendant"); Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (*per curiam*). Whether Plaintiff retained Defendant Theodocion as his counsel, or he was provided to Plaintiff as court-appointed counsel, the allegations against Defendant Theodocion only pertain to his traditional duties as counsel in Plaintiff's criminal case, and therefore, he was not acting under color of state law. Accordingly, Defendant Theodocion would be subject to dismissal from the case.

**D.     Appointment of Counsel**

Plaintiff also requests that counsel be appointed on his behalf. As a general rule, there is no entitlement to appointed counsel in a civil rights case, such as this one, brought pursuant to 42 U.S.C. § 1983. Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992); Hardwick v. Ault, 517 F.2d 295, 298 (5th Cir. 1975). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. Dean, 951 F.2d at 1216. Here, Plaintiff fails to show that exceptional circumstances exist (*e.g.*, that he brings a meritable claim of such

complexity that counsel would materially assist in its presentation) to justify the appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996).

This is ostensibly a § 1983 action in which Plaintiff has requested relief that can only be obtained in a habeas corpus proceeding; thus, Plaintiff is not entitled to relief in this case. Further, based on Plaintiff's filings with the Court to date, it is evident that he is able to clearly and succinctly communicate with the Court. Accordingly, Plaintiff's motion for the appointment of counsel should be denied. Should it become apparent later in the proceedings that counsel should be appointed, after due consideration of the complexity of the issues raised or their novelty, see Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), the Court will entertain this motion again at the appropriate time.[3]

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request for the appointment of counsel be **DENIED** and that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 27th day of February, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[3]Likewise, Plaintiff would also not be entitled to the appointment of counsel in a habeas corpus action. Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979) (noting that it is well settled that "[i]n a habeas corpus action in federal court[,] there is no requirement that counsel be appointed unless appointment of counsel is necessary to due process." (citations omitted)).